SYLVANUS RICH, JR. *versus* LITTLETON REED & *al.* & Trustee.

An officer cannot be charged as trustee of the defendants, for his having attached goods, found by him in their possession, on writs against third persons, as the property of the latter on the ground that the goods had been fraudulently purchased by the former of the latter to delay and defraud their creditors; a question of fraud being involved in the issue which should be referred to a jury..

There must be a clear admission of goods, effects or credits, not disputed or controverted, by the supposed trustee, before he can be truly said to have them in deposit or trust.

THIS action was against Littleton Reed, William B. Reed and Arad Thompson; and William H. Johnson was summoned as their trustee. In his disclosure Johnson denies that he is trustee, as he understands the law, and states many facts, on the examination of the plaintiff's counsel. From these it appears, that the only intermeddling with the property, by him, was in his capacity of deputy sheriff, and by virtue of certain writs in his hands against William B. Reed and A. M. Kendrick, and against William B. Reed and Isaac A. Hatch, Kendrick and Hatch having formerly been partners of W. B. Reed; that on those writs he attached the goods as the property of those defendants or of one of them; that at the time of the attachments the goods were in a store which appeared to be occupied by W. B. Reed and Arad Thompson; that he removed the goods to another store, and there retained them until they were sold on executions issued on judgments in the suits in which the attachments were made by him; that a part of the proceeds of the sale had been paid over to the attorney of the creditors, and part still remained in his hands; that the creditors believed that the goods in fact belonged to William B. Reed, as they informed him; that the present plaintiff had claimed the goods, and had once sued the sheriff for the taking of these goods, and had become nonsuit in that action; that he was informed by one of the attaching creditors, that their demands against Kendrick and Reed, and Reed and Hatch, on which these attachments were made, were for goods sold by them to said firms, and that subsequently they were in-

formed and verily believed, that said William B. Reed pur-
chased out the interest of Kendrick and Hatch, and had there-
for given his bond to them conditioned that out of the pro-
ceeds of the sale he would pay the liabilities of those com-
panies, but instead of so doing, he, said William B. Reed, had
fraudulently sold the goods to Reed, Thompson & Co., the
defendants in this suit, and took their notes therefor, payable at
distant times, to delay and defraud his creditors, and to enable
him to set them at defiance, and that on this ground they were
attached; and that he, the said Johnson, has no doubt that the
said creditors believed their statements to be true.

*A. W. Paine* argued for the plaintiff, citing, 2 Conn. R.
203; *Watson* v. *Todd*, 5 Mass. R. 271; *Ruggles* v. *Penni-
man*, 6 Mass. R. 166; *Pollard* v. *Ross*, 5 Mass. R. 319;
*Wilder* v. *Bailey*, 3 Mass. R. 289; Rev. St. c. 119, § 63, &
§ 4; *Chealy* v. *Brewer*, 7 Mass. R. 259; *Pierce* v. *Jackson*,
6 Mass. R. 242; *Swett* v. *Brown*, 5 Pick. 178.

*Cutting* argued for the alleged trustee.

The opinion of the Court was by

WHITMAN C. J. — Johnson cannot be charged as trustee.
He does not disclose any goods, effects or credits as being in
his hands, belonging to the defendants. He states that as an
officer, with a legal precept in his hands for the purpose, he at-
tached as the property of Messrs. Reed & Hatch, or either of
them, and of Messrs. Kendrick and Reed, or either of them,
at the suit of certain of their creditors, certain goods and
chattels. He does not, and with propriety, could not disclose
that they were the property of any one else. He, however,
states that he found them ostensibly in the possession of the
defendants in this suit, who claimed them as their own; but
that the circumstances, under which they were purchased by
them, as he understood from the attorney of the creditors, at
whose suits they were attached, were strongly indicative of a
fraudulent intent to delay or prevent them from recovering
their demands against those, as whose property, the goods
were attached. From the whole disclosure it is manifest that

Johnson held the goods or their proceeds as an attaching officer, and that it is contended by those, who caused them to be attached, that the defendants, in this action were colorable purchasers, merely, of the goods attached, for the purpose of preventing the attachment. The counsel for the plaintiff in this action contends, that it is competent for the Court, upon this disclosure, to determine, that the goods and chattels in question were the property of the defendants; and to adjudge the trustee to be chargeable. But we cannot come to any such conclusion. A question of fraud is involved in the issue, which should be referred to a jury. It cannot be proper, that the Court should take cognizance of it, in the manner in which it is presented to us, in this process. Mr, Justice Story, in *Picquet* v. *Swan*, 4 Mason, 460, says "there must be a clear admission of goods, effects or credits, not disputed or controverted, by the supposed trustees, before they can be truly said to have them in deposite or trust." The trustee in this case makes no such admission, and states no facts that would authorize us to question his right to retain the possession of the goods or of their proceeds; but the reverse of it; and must therefore be discharged.